This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Rodney Ushery appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, following a bench trial, of one count of felonious assault, in violation of R.C. 2903.11(A)(1), and an accompanying specification that he was a repeat violent offender, as defined in R.C. 2929.01. Ushery administered a severe beating on his girlfriend, striking her with his fists and ultimately lifting her off the ground and flinging her to the floor headfirst. He inflicted severe, permanent and disfiguring injuries to her face, neck, and spine. At the time of the offense, he was on parole for drug trafficking. He later conceded at trial that, in 1979, he had been convicted of voluntary manslaughter and sent to prison. The trial court sentenced Ushery to the maximum term of eight years' imprisonment for felonious assault, a felony of the second degree, and to a consecutive ten-year term of imprisonment for the repeat-violent-offender specification.
In four assignments of error raised by appointed counsel, Ushery challenges the length and propriety of the sentences imposed and the trial court's denial of his motion for a judgment of acquittal. Ushery's first assignment of error, in which he contends that the trial court "failed to properly consider the relevant statutory factors" prior to imposing the maximum sentence for felonious assault, is overruled. The record reveals that Ushery is a repeat violent offender who "in committing the offense [of felonious assault] caused * * * physical harm that carried a substantial risk of death" to his victim, as the trial court noted in declaring, "Certainly she came very close to losing her life * * *." In accordance with R.C.2929.14(D)(2)(a), the court was required to impose the longest prison term authorized for a second-degree felony.
The second assignment of error, in which Ushery claims that the trial court erred in determining him to be a repeat violent offender, is without merit. At trial Ushery did not contest that he had previously served a prison term for voluntary manslaughter, a felony of the first degree that had resulted in the death of the victim; therefore, the trial court correctly found that Ushery met the statutory definition of repeat violent offender under former R.C. 2929.01(EE). See, also, R.C. 2941.149.
Ushery next claims that the eight-year sentence for felonious assault, in conjunction with the ten-year repeat-violent-offender term, constituted a cruel and unusual punishment. Ushery did not raise this objection at the time of sentencing, and it has, therefore, been waived. See State v. Awan
(1986), 22 Ohio St.3d 120, 489 N.E.2d 277.
It is further clear from the record that there was no plain error. See Crim.R. 52(B). "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69, 203 N.E.2d 334, 336. And, in any event, there is no constitutional violation unless the sentence is so grossly disproportionate to the offenses as to shock the sense of justice in the community. See State v. Chaffin (1972), 30 Ohio St.2d 13,17, 282 N.E.2d 46, 49. In this case, the sentence imposed was within the terms specified by statute, and it did not shock the conscience to impose an eighteen year term of imprisonment on a perpetrator who had viciously beaten and nearly killed his girlfriend. The third assignment of error is overruled.
In his fourth assignment of error, Ushery highlights testimony indicating that his victim may have initiated the argument that culminated in her beating. First, he claims that the trial court erred in denying his motion for a judgment of acquittal. This claim is without merit, as reasonable minds could have reached different conclusions as to whether each element of the charged crime of felonious assault had been proven beyond a reasonable doubt, including whether Ushery had knowingly caused physical harm to his victim. Crim.R. 29; State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184.
He next appears to seek a determination that the trial court should have reduced the charged offense to an offense of inferior degree, aggravated assault, on the basis that the victim provoked the attack. There is little evidence of record that, if believed by the trial court, would have supported the charge of aggravated assault. See State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294; see, also, State v. Shane (1992), 63 Ohio St.3d 630,590 N.E.2d 272. The fourth assignment of error is overruled.
Ushery next raises, pro se, eight assignments of error. The fifth assignment of error, in which he claims that his trial counsel was ineffective for not cross-examining the victim aggressively enough, is overruled. After reviewing all the proceedings in the trial court, including the vigorous cross-examination that highlighted inconsistencies in the victim's testimony, we hold that the record does not demonstrate any deprivation of a substantial or procedural right that rendered the trial fundamentally unfair. See Lockhart v. Fretwell (1993),506 U.S. 364, 113 S.Ct. 838; see, also, Strickland v. Washington
(1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 2068.
In his sixth and seventh assignments of error, Ushery claims that the trial judge was biased because he had also presided over Ushery's voluntary-manslaughter trial, and that the prosecutor was inherently biased against him because he had worked on his sister's murder case. These claims are not supported in the record and must fail.
Ushery next claims, in his eighth assignment of error, that his trial counsel was ineffective for not seeking a hearing on the staleness of the manslaughter conviction used to support the repeat-violent-offender specification. This claim also fails. Because there was no statutory time restriction on a prior conviction, counsel's performance did not fall below an objective standard of reasonable representation. See Strickland v.Washington.
His ninth assignment of error, in which he claims that at sentencing he was not properly credited for time served, is overruled, as Ushery was being held not merely on a dismissed escape charge, but also on a valid parole holder. See R.C.2967.191.
Ushery's tenth and eleventh assignments of error, in which he claims that he was sentenced on specifications not in the indictment, and that the victim's family threatened him, are overruled, as the errors claimed are nowhere demonstrated in the record.
His twelfth and final assignment of error, that no medical testimony was presented regarding "the purported severity" of his victim's injuries, is without merit. Ample evidence of the victim's injuries, including hospital reports, photographs of the wounds, and the victim's own testimony, was adduced at trial and was available to the trier of fact. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.